1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  SAVILLS INC.,

12                                    Petitioner,

13  v.

14  CHRISTOPHER MUSGJERD, and
    ROBERT MCGRIFF,

15

16                                    Respondents.

17

Case No. 20-cv-904-MMA (BLM)

**ORDER (1) GRANTING RESPONDENT MUSGJERD'S MOTION TO DISMISS AND (2) DECLINING TO RULE ON PETITIONER'S MOTION TO COMPEL ARBITRATION**

[Doc. Nos. 4, 20]

18

19       On May 14, 2020, Savills Inc. ("Petitioner") filed a Petition for an order

20  compelling arbitration and injunctive relief enjoining Respondent Christopher Musgjerd

21  ("Musgjerd") "from proceeding in state court action pending in San Diego County

22  Superior Court." *See* Doc. No. 1.[1]  Petitioner subsequently filed a motion "to compel

23  arbitration of dispute under 9 U.S.C. § 4 and to enjoin prosecution of improperly filed

24  state court action." *See* Doc. No. 4.  Respondent Robert McGriff ("McGriff") filed a

25  notice of nonopposition to Petitioner's Petition and motion.  *See* Doc. Nos. 5, 7.

26
27
28

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

1

Musgjerd has filed a motion to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Doc. No. 20.  Petitioner and Musgjerd oppose each other's motions, and each have filed replies.  *See* Doc. Nos. 21, 22, 25, 26.  The Court found the matters suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 27. For the reasons set forth below, the Court (1) **GRANTS** Respondent Musgjerd's motion to dismiss the Petition and (2) declines to rule on Petitioner's motion.

# I. BACKGROUND

Petitioner is a "commercial real estate services firm" representing clients in leasing transactions.  Doc. No. 1 ¶ 1.  Petitioner employs real estate salespersons to negotiate commercial leases where several salespersons may be involved in a single deal.  *Id.* ¶ 2. "[S]alespersons are paid based on the commission earned by [Petitioner] in lease transactions in which the respective salespersons are involved."  *Id.* ¶ 3.  Compensation is "determined on a lease by lease basis."  *Id.*  After Petitioner deducts its "house share," salespersons agree among themselves how to divide the commission.  *Id.* ¶ 4; *see also id.* ¶ 4 n.1.

Disputes may arise between salespersons regarding how to divide the commission. If a dispute cannot be resolved informally, Petitioner uses an "efficient, expeditious, inexpensive, and equitable arbitration procedure ('Arbitration Rules')."  *Id.* ¶ 4.  "[E]ach salesperson agrees in writing to use, and to be bound by, this procedure."  *Id.*

Petitioner employed Musgjerd as a salesperson from May 14, 2013 to August 2019.  *Id.* ¶ 5.  When Musgjerd began his employment with Petitioner, he "signed an employment agreement ('Musgjerd Employment Agreement')."  *Id.*; *see also* Doc. No. 1-2 at 3–19 (providing the Musgjerd Employment Agreement).  Petitioner employed, and still employs, McGriff as a salesperson since July 14, 2016.  *Id.* ¶ 6.  When McGriff began his employment with Petitioner, he "signed an employment agreement ('McGriff Employment Agreement')."  *Id.*; *see also* Doc. No. 1-2 at 21–41 (providing the McGriff Employment Agreement).  The agreements include "an agreement to arbitrate all Sharing

Percentage Disputes . . . in accordance with the Arbitration Rules current as of when the Sharing Percentage Dispute in question is to be resolved." Doc. No. 1 ¶¶ 5, 6.

In December 2019, Musgjerd and McGriff began their commission dispute. *See id.* ¶ 7. The "dispute concerns the allocation of the commission earned by [Petitioner] in connection with a lease entered into by Alphatec Spine, Inc., a client of [Petitioner]." *Id.* On February 14, 2020, Musgjerd filed an action in San Diego Superior Court against McGriff. *Id.* ¶ 8; *see also* Doc. No. 1-2 at 43–51 (providing the state action complaint). Musgjerd's state action alleges three causes of action: breach of contract, quantum meruit, and fraud. *See* Doc. No. 1-2 at 46–48.

Petitioner claims that "Respondents are contractually obligated to arbitrate the Sharing Percentage Dispute pursuant to the terms of their respective employment agreements." Doc. No. 1 ¶ 8. Petitioner notes that

> [w]hether or not such an agreement existed between Respondents, the commission on any transaction in which [Petitioner] or any of its salespersons is involved (including the transaction referenced in the State Court Action) is, in fact, first paid by the responsible transaction party to [Petitioner], then allocated among the involved salespersons as described above and then [Petitioner] pays to each of the involved salespersons the respective portions due to each of them.

*Id.* ¶ 9. Petitioner avers that "any dispute over the existence, nature, and scope of such an alleged formal or informal agreement constitutes a Sharing Percentage Dispute and must, in accordance with the express terms of Respondents' respective employment agreements, be resolved in accordance with the Arbitration Rules." *Id.*

Petitioner filed this action to compel Respondents to arbitrate the dispute underlying the state court action pursuant to Respondents' employment agreements with Petitioner. *See id.* at 1. Petitioner also seeks to enjoin the state court action until arbitration concludes. *See id.* Petitioner now moves to receive its sought relief. *See* Doc. No. 4. Musgjerd moves to dismiss the Petition pursuant to Federal Rule of Civil

20-cv-904-MMA (BLM)

Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction and Petitioner

lacks standing.  *See* Doc. No. 20.

## II. LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss allows for dismissal

of an action for lack of subject-matter jurisdiction.  Subject-matter jurisdiction must exist

when the action is commenced.  *Morongo Band of Mission Indians v. California State*

*Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Further, subject-matter

jurisdiction may be challenged "at any stage in the litigation."  *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The party seeking federal jurisdiction bears the burden to establish jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v.*

*Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

A *facial* attack on jurisdiction asserts that the allegations in a complaint are

insufficient to invoke federal jurisdiction, whereas a *factual* attack disputes the truth of

the allegations that would otherwise confer federal jurisdiction.  *Safe Air for Everyone v.*

*Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a facial challenge to

jurisdiction, a court accepts the allegations of the complaint as true and draws all

reasonable inferences in favor of the plaintiff.  *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th

Cir. 2009) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).  In resolving

a factual attack, a court may examine extrinsic evidence "without converting the motion

to dismiss into a motion for summary judgment," and a court need not accept the

allegations as true.  *Safe Air for Everyone*, 373 F.3d at 1039; *see also Land v. Dollar*, 330

U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised

. . . the court may inquire by affidavits or otherwise, into the facts as they exist.").

However, a Rule 12(b)(1) motion is "not appropriate for determining jurisdiction

. . . where issues of jurisdiction and substance are intertwined.  A court may not resolve

genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution

of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). When there is an entanglement, determination of the jurisdictional issue should be determined "on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077. Unless the summary judgment standard is met, the disputed jurisdictional fact "must be determined at trial by the trier of fact." *Id.*

## III. DISCUSSION

Because Musgjerd challenges the Court's subject matter jurisdiction, the Court addresses this threshold matter first. In his motion to dismiss, Musgjerd argues that the Court lacks subject matter jurisdiction because the underlying issue does not involve a federal question and the parties are not diverse. *See* Doc. No. 20-1 at 6, 8; *see also* Doc. No. 25 at 2–7. As to diversity jurisdiction, Musgjerd asserts that "McGriff's interests are aligned with Petitioner's in compelling arbitration and render them on the same side of the 'v' for purposes of determining diversity. Because both McGriff and Musgjerd reside in California, diversity cannot be met." Doc. No. 20-1 at 8. Petitioner responds that it is improper for the Court to engage in a "look through" analysis. *See* Doc. No. 21 at 10–11. Alternatively, Petitioner argues that its and McGriff's interests are "unquestionably different" even if the Court were to engage in a look through analysis. *See id.* at 12.

In its Petition and motion to compel arbitration, Petitioner grounds jurisdiction in diversity. *See* Doc. No. 1 ¶ 11; Doc. No. 4-1 at 11. Further, Petitioner concedes that it "has never contended that this matter poses a federal question or that the Federal Arbitration Act confers an independent jurisdictional basis. As such, [Petitioner] does not address those arguments." Doc. No. 21 at 10 n.5. Thus, the Court finds there is no federal question jurisdiction.

The Court now turns to whether there is diversity subject matter jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C.

§ 1332(a)(1).  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

> The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation.  If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987) (quoting *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983)); *see also City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants.").  The Court "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'"  *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012) (quoting *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)); *see also City of Indianapolis*, 314 U.S. at 69 (first quoting *E. Tennessee, V. & G.R. Co. v. Grayson*, 119 U.S. 240, 244 (1886); and then quoting *Merchants' Cotton-Press & Storage Co. v. Ins. Co. of N. Am.*, 151 U.S. 368, 385 (1894)).  "When considering the primary purpose of a federal case in a realignment inquiry, a court may not consider claims made in a different case."  *Scotts Co. LLC*, 688 F.3d at 1157; *see also id.* at 1158 ("On remand, should the district court reconsider the realignment-of-parties issue, it should limit its inquiry of what constitutes the primary dispute to *the primary purpose of this federal case*." (emphasis added)).

However, "the citizenship of someone not before the court is irrelevant to the jurisdictional inquiry."  *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002).  Courts cannot "look through" a Federal Arbitration Act ("FAA") petition to

20-cv-904-MMA (BLM)

compel arbitration to examine the parties' underlying state court dispute to determine whether there is diversity jurisdiction.  *See id.*; *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1094, 1095, 1095 n.42 (C.D. Cal. 2015) (distinguishing *diversity* from *federal question* jurisdiction in regard to the "look through" approach and noting this trend is followed other district and circuit courts); *see also Northport Health Servs. of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010) ("[W]e conclude that diversity of citizenship is determined in these cases by the citizenship of the parties named in the proceedings before the district court, plus any indispensable parties who must be joined pursuant to Rule 19."); *Bank Leumi, USA v. Miramax Distribution Servs.*, LLC, No. 2:18-cv-07574-SVW-KS, 2019 WL 7865180, at *1 (C.D. Cal. Oct. 31, 2019) (quoting *Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 324 (2d Cir. 2017)) ("In evaluating whether the requirement of complete diversity is satisfied, a court assessing its jurisdiction over an FAA petition is to 'look[ ] only to the citizenship of the parties in the action before it'—that is, the 'parties to the petition to compel' as well as any indispensable parties who must be joined pursuant to Federal Rule of Civil Procedure 19.").

Here, Petitioner claims the Court's subject matter jurisdiction is based on diversity jurisdiction.  Thus, the Court cannot "look through" to the state court complaint to determine whether there is diversity in this instant action.  *See Najd*, 294 F.3d at 1106.  However, the Court must still align *the parties before this Court* "according to their interests in the litigation."  *Cont'l Airlines, Inc.*, 819 F.2d at 1523 (quoting *Dolch*, 702 F.2d at 181).  In aligning the parties according to their interests, the Court cannot rely on claims made by Musgjerd in his state court action.  *See Scotts Co. LLC*, 688 F.3d at 1157.  The primary dispute to the primary purpose of this federal case is whether to compel arbitration.  The Court does not and cannot consider the purpose of the state action regarding unpaid commission.

In determining whether McGriff is properly aligned as a respondent, the Court examines the following facts.  McGriff is a current employee of Petitioner whereas

Musgjerd is a former employee of Petitioner. *See* Doc. No. 1 ¶¶ 5, 6. McGriff filed a notice of nonopposition to Petitioner's Petition and motion. *See* Doc. Nos. 5, 7. Notably, Petitioner itself states in its motion and Petition that whereas Musgjerd "reneged on his agreement to arbitrate and rejected [Petitioner's] demand to arbitrate," McGriff "has consented to arbitrate the Alphatec Fee Sharing Dispute in accordance with the Arbitration Rules." Doc. No. 4-1 at 19; *see also* Doc. No. 1 ¶ 22. Together, these facts strongly suggest that McGriff's interests coincide with Petitioner in relation to the purpose of this action, namely whether to compel arbitration.

Petitioner's argument is unavailing. Attempting to show that Petitioner and McGriff have different interests, Petitioner relies on the "underlying dispute" of "whether [Musgjerd] is entitled to a portion of the commission . . . McGriff may earn on the Alphatec Lease Transaction." Doc. No. 21 at 12. Specifically, Petitioner argues that the ultimate issue for McGriff is economic whereas the ultimate issue for Petitioner is adherence to its arbitration procedures. *See id.* at 12. In doing so, Petitioner grounds its argument in the underlying state court action. However, the Ninth Circuit requires that a district court "limit its inquiry of what constitutes the primary dispute to *the primary purpose of this federal case.*" *Scotts Co. LLC*, 688 F.3d at 1158 (emphasis added). The Court "may not consider claims made in a different case." *Id.* at 1157. Thus, the Court declines to rely on claims made in the concurrent breach of contract state action to decide the alignment inquiry in the arbitration action before this Court. Petitioner also uses Musgjerd's observation that Petitioner and McGriff formally had the same counsel to underscore that the now different counsel indicates divergent interests. *See* Doc. No. 21 at 12 n.7. Although perhaps a factor suggesting different interests, the Court finds this evidence is overshadowed by the aligned interests in seeking arbitration—the primary purpose of this federal action.

Therefore, the Court realigns McGriff as a petitioner in this action. Because McGriff and Musgjerd are citizens of California, *see* Doc. No. 1 ¶ 11, the realignment has destroyed diversity. Accordingly, the Court finds that it lacks subject matter jurisdiction

over this action.  Because the Court lacks subject matter jurisdiction, the Court declines to address Musgjerd's argument regarding standing or Petitioner's motion.

### IV. CONCLUSION

For the foregoing reasons, the Court (1) **GRANTS** Respondent Musgjerd's motion to dismiss the Petition and (2) declines to rule on Petitioner's motion.  The Court **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: July 29, 2020

HON. MICHAEL M. ANELLO
United States District Judge

20-cv-904-MMA (BLM)