1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAVILLS, INC.,<br><br>                       Petitioner,<br><br>v.<br><br>CHRISTOPHER MUSGJERD, and<br>ROBERT MCGRIFF,<br><br>                    Respondents. | Case No. 20-cv-904-MMA (BLM)<br><br>**ORDER GRANTING RESPONDENT MUSGJERD'S MOTION FOR ATTORNEYS' FEES**<br><br>[Doc. No. 30] |

17
18
19
20
21
22
23
24
25
26
27
28

Savills, Inc. ("Petitioner") initiated this action by filing a Petition for an order compelling arbitration and enjoining Respondents Christopher Musgjerd ("Musgjerd") and Robert McGriff ("McGriff") "from proceeding in [a] state court action pending in San Diego County Superior Court." *See* Doc. No. 1. Musgjerd moved to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Doc. No. 20. The Court granted Musgjerd's motion to dismiss and the Clerk entered judgment accordingly. *See* Doc. Nos. 28, 29. Musgjerd now moves for an award of attorneys' fees incurred defending against this action. *See* Doc. No. 30. Petitioner filed a "Notice of Non-Opposition" to Musgjerd's motion. *See* Doc. No. 31. The Court found the matter suitable for determination without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 32. For the reasons set forth below, the Court **GRANTS** Musgjerd's motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. BACKGROUND

Petitioner employed Musgjerd as a salesperson from May 14, 2013 to August 2019.  Doc. No. 1 ("Petition") ¶ 5.  When Musgjerd began his employment with Petitioner, he "signed an employment agreement ('Musgjerd Employment Agreement')." *Id.*; *see also* Doc. No. 1-2 at 3–19.[1]  The Employment Agreement includes "an agreement to arbitrate all Sharing Percentage Disputes . . . in accordance with the Arbitration Rules current as of when the Sharing Percentage Dispute in question is to be resolved."  Petition ¶¶ 5, 6.

Musgjerd and McGriff wound up in a dispute over earned commissions.  *See id.* ¶ 7.  Musgjerd filed an action in San Diego Superior Court against McGriff alleging breach of contract and fraud.  *See* Doc. No. 1-2 at 46–48.  Relying on the Employment Agreement's arbitration clause, Petitioner initiated this action seeking to compel Musgjerd and McGriff to arbitrate the commission dispute and to enjoin the state court action during the pendency of the arbitration proceedings.  *See* Petition.  Musgjerd moved to dismiss, arguing that the Court lacked subject matter jurisdiction over the Petition and Petitioner lacked standing.  *See* Doc. No. 20.  The Court concluded that it lacked subject matter jurisdiction, granted Musgjerd's motion, and declined to rule on the Petition.  *See* Doc. No. 28.

Musgjerd now seeks an award of attorneys' fees pursuant to the Employment Agreement, which provides: "[W]ith respect to any action or proceeding arising out of this Agreement, or any matter arising therefrom or relating thereto[,] . . . the prevailing party shall be entitled to recover its legal fees and expenses from the losing party."  Doc. No. 1-2 at 9.  In response, Petitioner filed a notice indicating that it "disputes the factual and legal bases for the Motion and further disputes that Mr. Musgjerd is entitled to any award of attorneys' fees" but "in view of the added fees and costs associated with an opposition" does not "formally" oppose the motion.  Doc. No. 31 at 2.

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1

## II. DISCUSSION

Federal courts may award fees to a prevailing party if there is a valid contract that shifts fees accordingly. *See U.S. v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979); *see also McKinstry Co. v. Sheet Metal Workers' Intern. Ass'n, Local Union No. 16*, 859 F.2d 1382, 1390 (9th Cir. 1988) (affirming district court's award of attorneys' fees to prevailing party pursuant to contractual provision). In deciding the amount of fees to award, courts calculate the presumptive fee award, or "lodestar figure," by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking an award of fees bears the burden of submitting evidence supporting the hours worked and the rates claimed. *See id.*

### A. Applicable Law

The Employment Agreement entered into by Petitioner and Musgjerd indicates that the agreement "shall be governed by the laws of the State of New York, without regard to conflicts of law principles." Doc. No. 1-2 at 9. "A choice-of-law clause, like an arbitration clause, is a contractual right," *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1165 (9th Cir. 1996), which courts generally enforce when "the chosen state has a substantial relationship to the parties or their transaction, or . . . there is any other reasonable basis for the parties' choice of law," *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1152 (Cal. 1992) (footnote omitted) (citing Restatement (Second) of Conflict of Laws § 187(2) (Am. Law Inst. 1971)).[2] Petitioner "is incorporated in New York, and its principal place of business and corporate headquarters are also in New York." Petition ¶ 11. As such, the requisite "substantial relationship" exists between the

---

[2] Ordinarily, "[w]hen a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law." *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). The Court previously determined that diversity jurisdiction does not exist in this case. *See* Doc. No. 28 at 8–9. However, because Petitioner raised no federal question, the Court nevertheless finds it appropriate to apply California's choice-of-law rules.

1    parties and the state of New York.

2           "If the chosen forum has a substantial relationship to the parties or their transaction

3    but California law would apply in the absence of a choice-of-law provision, the court

4    then determines whether the relevant portion of the chosen state's law is contrary to a

5    fundamental policy in California law." *First Intercontinental Bank v. Ahn*, 798 F.3d

6    1149, 1153 (9th Cir. 2015).  New York law regarding the recovery of attorneys' fees

7    pursuant to a contractual fee-shifting provision is compatible with California's approach.

8    Under New York law, when a contractual fee-shifting provision entitled the prevailing

9    party to an award of fees, "the court will order the losing party to pay whatever amounts

10   have been expended" so long as those amounts are reasonable.  *Antidote Int'l Films, Inc.*

11   *v. Bloomsbury Pub., PLC*, 496 F. Supp. 2d 362, 364 (S.D.N.Y. 2007) (quoting *F.H.*

12   *Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)); *accord*

13   Cal. Code Civ. Pro. § 1021 (providing that a contract may provide for an award of

14   "reasonable attorney's fees").  Accordingly, New York law applies.

15   **B. Analysis**

16          As an initial matter, the Court finds—and the parties do not dispute—that the

17   Employment Agreement is a valid and enforceable contract.  As noted above, the

18   agreement provides for an award of fees to the prevailing party in a dispute arising out of

19   the agreement.  Pursuant to New York law, "a contract that provides for an award of

20   reasonable attorneys' fees to the prevailing party . . . is enforceable if the contractual

21   language is sufficiently clear." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d

22   168, 175 (2d Cir. 2008).  Thus, as the prevailing party, Musgjerd is entitled to an award

23   of fees pursuant to the contractual fee-shifting provision in the Employment Agreement.

24   *See Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d 76, 77–78 (N.Y. App. Div.,

25   1st Dep't 2007) ("To be considered a 'prevailing party,' one must simply prevail on the

26   central claims advanced, and receive substantial relief in consequence thereof.").

27          In determining the amount of the fee award, "the starting point is the calculation of

28   the 'presumptively reasonable fee.'" *Rai v. WB Imico Lexington Fee, LLC*, No. 09 Civ.

9586 (PGG), 2017 WL 1215004, at *9 (S.D.N.Y. Mar. 31, 2017) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). Courts calculate the presumptively reasonable fee by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

### 1. Reasonable Hourly Rate

First, the Court must determine whether the requested hourly rates are reasonable. "A reasonable hourly rate must be in line with the rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Star Ins. Co. v. A&J Constr. of N.Y., Inc.*, No. 15-cv-8798 (CS) (JCM), 2018 WL 6177857, at *4 (S.D.N.Y. Nov. 26, 2018) (quoting *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994)). "The 'court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district' and 'on evidence proffered by the parties.'" *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (quoting *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010)).

Musgjerd indicates that two attorneys worked on this case: (1) "George Rikos, who has been practicing for twenty (20) years, has an hourly rate of $400 per hour on this matter" and (2) "Bonnie McKnight of Panakos Law, APC [who] has been practicing for four (4) years with an hourly rate of $250 per hour on this matter." Doc. No. 30-1 at 7. Musgjerd offers the declarations of counsel in support of the requested rates. *See* Rikos Decl., Doc. No. 30-2; McKnight Decl., Doc. No. 30-4. According to Mr. Rikos, "based upon a review of other fee applications and conversations with attorneys in the relevant billing market, $400 per hour is reasonable." Rikos Decl., Doc. No. 30-2 ¶ 8. Ms. McKnight states that "[b]ased upon a review of other fee applications and conversations with attorneys in the relevant billing market, $250 per hour is reasonable." McKnight Decl., Doc. No. 30-4 ¶ 5. Additionally, Musgjerd requests fees for hours expended by a

1  paralegal, Anna King, whose "billing entries were billed at $100 per hour." Rikos Decl.,

2  Doc. No. 30-2 ¶ 5.

3       A survey of the relevant case law suggests the requested rates are reasonable and

4  within the range of rates recently approved by other courts in this District. *See, e.g.*,

5  *Sunbelt Rentals, Inc. v. Dubiel,* No. 20-cv-876-WQH-BGS, 2020 WL 6287462, at *2, *3

6  (S.D. Cal. Oct. 27, 2020) (finding $405 (partner), $275–$330 (associates), and $215

7  (paralegal) per hour to be reasonable rates charged in a breach of contract action);

8  *Kailikole v. Palomar Cmty. Coll. Dist.*, No. 18-cv-2877-AJB-MSB, 2020 WL 6203097,

9  at *3 (S.D. Cal. Oct. 22, 2020) (finding $550 (partner) and $300–$310 (associates) per

10  hour to be reasonable rates charged in an employment action). Accordingly, the Court

11  concludes that Musgjerd's requested rates are reasonable.

12       **2. Reasonable Hours Expended**

13       In assessing the reasonableness of the number of hours claimed, the Court must

14  examine "contemporaneous time records" that "specify, for each attorney, the date, the

15  hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded*

16  *Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

17       Musgjerd requests fees based on counsel spending "11.6 hours on the motion to

18  dismiss, 3.2 hours on the ex parte and related briefing issues, and 18.6 hours on the

19  opposition to the motion to compel arbitration," as well as "6 hours on this motion for

20  fees" for a total of 39.4 hours plus 2.4 hours of paralegal time.[3] Doc. No. 30-1 at 7. This

21  is based on 30.4 hours of work performed by Mr. Rikos, 9.0 hours expended by Ms.

22  McKnight, and 2.4 hours expended by Ms. King.

23       The Court has reviewed the contemporaneous billing records provided by counsel,

24  *see* Rikos Decl., Doc. No. 30-3 at 21–24, and finds that the time entries are sufficiently

25

26

27  [3] Musgjerd includes three additional hours in his calculation to account for counsel preparing a reply
brief in support of this motion and attending a hearing on the motion. *See* Doc. No. 30-1 at 7. His

28  counsel did not have to perform either task. The Court has adjusted the calculation accordingly.

detailed and reflect compensable work. Accordingly, the Court concludes that 39.4 hours is a reasonable amount to have expended on this litigation in light of the superior results achieved by counsel for their client.

**3. Lodestar Calculation**

The lodestar calculations are as follows:

|  | Reasonable Hourly Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|
| Mr. Rikos | $400 | 30.4 | $400 x 30.4 = $12,160 |
| Ms. McKnight | $250 | 9.0 | $250 x 9.0 = $2,250 |
| Ms. King | $100 | 2.4 | $100 x 2.4 = $240 |

Upon summing the individual lodestar amounts, the Court awards Musgjerd attorneys' fees in the amount of $14,650. The Court finds that this figure is a fair and reasonable apportionment of expenses incurred in pursuing dismissal of this action.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Musgjerd's motion and **AWARDS** him attorneys' fees in the amount of **$14,650**.

**IT IS SO ORDERED.**

Dated: November 2, 2020

HON. MICHAEL M. ANELLO
United States District Judge